## UNITED STATES BANKRUPTCY COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | : |
| | : CASE NO. 17-12833(AMC) |
| | : |
| PERSONAL SUPPORT MEDICAL | : CHAPTER 11 |
| SUPPLIERS, INC., ET. AL., | : Jointly Administered with |
| | : Case No. 17-12836(AMC) |
| DEBTOR. | : |
| | : |

**MOTION OF PERSONAL SUPPORT MEDICAL SUPPLIERS, INC. FOR ENTRY OF AN ORDER PURSUANT TO 11 U.S.C. §§ 105(A) AND 363 AND FEDERAL RULES OF BANKRUPTCY PROCEDURE 2002, 6004 AND 9013 (I) AUTHORIZING THE SALE OF ASSETS FREE AND CLEAR OF LIENS, CLAIMS AND ENCUMBRANCES, (II) PERMITTING THE RETURN OF ALL ACCOUNTS TO SECURED CREDITOR, (III) SETTING AN EXPEDITED HEARING AND REDUCED NOTICE PERIOD AND (IV) GRANTING RELATED RELIEF**

Personal Support Medical Suppliers, Inc. (the "Debtor"), by and through undersigned counsel, Ciardi Ciardi & Astin, hereby submits this motion for the entry of an Order (I) authorizing the sale of assets free and clear of liens, claims and encumbrances, (II) permitting the return of all accounts to the secured creditor, (III) setting an Expedited Hearing and Reduced Notice Period, and (IV) granting related relief (the "Motion"), and, in support thereof, respectfully avers as follows:

### JURISDICTION

1. The Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334. This is a "core" proceeding pursuant to 28 U.S.C. § 157(b)(2)(A), (M), (N) and (O). Venue is proper in this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are §§105 and 363 of the Bankruptcy Code and Federal Rules of Bankruptcy Procedure 2002, 6004 and 9013.

1

## BACKGROUND

2. On April 24, 2017 (the "Petition Date"), the Debtor filed a voluntary petition for relief under title 11 of chapter 11 of the United States Code, as amended. On the same date, Care for you Home Medical Equipment, LLC d/b/a Community Care Partners ("CCP" and together with the Debtor, the "Debtors") filed a separate, voluntary petition for relief under title 11 of chapter 11 of the United States Code, as amended (the "Bankruptcy Code")

3. On May 10, 2017, this Court entered an order allowing for the joint administration of the Debtors' cases.

4. Following the Petition Date, the Debtors have remained in possession of their property and continued to manage their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code in order to reorganize its operations.

5. The Debtors are both home medical equipment organizations dedicated to providing comprehensive services to their customers with the utmost quality and professionalism in Pennsylvania and New York.

6. The Debtors provide the highest quality home health care equipment, supplies and services to its community and customers and assists their customers with the proper selection of equipment or products to best meet their medical needs, as prescribed by their physician, while being mindful of the customer's various medical and financial obligations.

7. The Debtors operate in the greater Philadelphia Region and New York with offices in Philadelphia and Seneca, Pennsylvania.

8. The Debtor owns 100% of the equity interests of CCP (the "CCP Stock").

9. The Debtor also owns 100% of its inventory, contracts, records and patient files ("the

Personal Support Assets[1]"). Additionally, the Debtor owns certain accounts receivable (the "Accounts Receivable").

10. The Debtor seeks to sell the CCP Stock to Michelle Hatooka (the "Buyer") for $25,000.00 (the "CCP Stock Purchase Price") at the Sale Hearing.

11. The Debtor also seeks to sell the Personal Support Assets to QMES, LLC ("QMES") for $100,000.00 pursuant to a Letter of Intent. A true and correct copy of the Letter of Intent is attached hereto as Exhibit "A".

12. The Debtor also requests to return the Accounts Receivable to its secured lender at closing.

13. Closing on any sale of the Assets will occur at the Sale Hearing.

14. The sale of the CCP Stock, Personal Support Assets and Accounts Receivable shall be referred to herein as "Assets".

## THE BASIS FOR RELIEF AND THE REASONS THEREFOR

15. By this Motion, the Debtor seeks an order to be entered immediately following the Sale Hearing, pursuant to section 363 of the Bankruptcy Code approving the sale of the Assets free and clear of liens, claims, encumbrances and interests (the "Sale Approval Order") and permitting the Debtor to return all Accounts Receivable to the secured lender.

16. The Order requested by the Debtor, as well as the reasons and authority for the entry thereof, are discussed in detail in the Motion.

---

[1] The Personal Support Assets specifically excludes the accounts receivable owed to the Debtor.

3

## THE SALE APPROVAL ORDER

17. The Debtor seeks the entry of an Order pursuant to section 363 of the Bankruptcy Code, approving the sale of the Assets, free and clear of any and all liens, claims, encumbrances and interests in or on the Assets. The Sale Approval Order will ultimately reflect the terms of the sales.

18. Pursuant to section 541 of the Bankruptcy Code, the property to be sold consist of assets of the Debtor's bankruptcy estate.

19. In accordance with sections 363, 1107 and 1108 of the Bankruptcy Code, debtors-in-possession are authorized to sell property of the estate and maximize recoveries for their creditors.

20. Section 363(b) of the Bankruptcy Code authorizes a debtor or a trustee to sell its assets outside of the ordinary course of business. See 11 U.S.C. § 363(b)(1).

21. Section 363(f) of the Bankruptcy Code provides, in pertinent part, as follows:

> (f) [t]he trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

22. Generally, a debtor must show that each of the following elements have been met before a section 363(b) sale may be approved: (i) that a sound business reason exists for the proposed transaction; (ii) that the sale has been proposed in good faith; (iii) that the sale price is fair and

reasonable; and (iv) that accurate and reasonable notice has been provided of the transaction. See In re WDH Howell, LLC, 298 B.R. 527, 534 (D. N.J. 2003); In re Stroud Ford, Inc., 163 B.R. 730 (Bankr. M.D. Pa. 1993).

23. Although section 363 of the Bankruptcy Code does not specify a standard for determining when it is appropriate for a court to authorize the use, sale or lease of property of the estate, bankruptcy courts routinely authorize sales of a debtor's assets if such sale is based upon the sound business judgment of the debtor. In re Dura Automotive, 2007 Bankr. LEXIS 2764 at *258, (citing Myers v. Martin (In re Martin), 91 F.3d 389, 395 (3d Cir. 1996)); Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983); In re Abbotts Dairies of Penn., Inc., 788 F.2d 143 (3d Cir. 1986) (implicitly adopting the "sound business judgment" test of Lionel Corp. and requiring good faith); In re Del. And Hudson Ry. Co., 124 B.R. 169 (D. Del. 1991) (concluding that the Third Circuit adopted the "sound business judgment" test in the Abbotts Dairies decision); In re Montgomery Ward Holding Corp., 242 B.R. 147, 153 (D. Del. 1991) (same).

24. Courts have made it clear that a debtor's showing of a sound business justification need not be exhaustive, but rather a debtor or trustee is "simply required to justify the proposed disposition with sound business reasons." In re Baldwin-United Com., 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

25. Whether or not there are sufficient business reasons to justify a sale depends upon the facts and circumstances of each case. In re Lionel Com., 722 F.2d 1063, 1071 (2d Cir. 1983).

26. In the circumstances of valid business justifications, applicable principles of law attach to a debtor's decision a strong presumption "that in making a business decision[,] the directors of a corporation acted on an informed basis, in good faith and in the honest belief that the action

taken was in the best interests of the company." Official Comm. of Subordinated Bondholders v. Integrated Res., Inc. (In re Integrated Res., Inc.), 147 B.R. 650, 656 (S.D.N.Y. 1990) (holding that the Delaware business judgment rule has "vitality by analogy" in chapter 11), (quotations omitted).

27.     Therefore, the Debtor submits that the decisions to sell the Assets are based upon its sound business judgment and should be approved. The Debtor worked diligently to explore alternatives to the sale. However, the current economic climate resulted in the Debtor's determination that the sale of the Assets is a necessary step toward a distribution to the Debtor's creditors. The Debtor thus believes that the sale of the Assets will provide the best result for its estate and creditors as it moves toward an orderly winddown of its operations.

28.     Once a court is satisfied that there is a sound business justification for the proposed sale, the court should then determine whether (i) the debtor in possession has provided the interested parties with adequate and reasonable notice, (ii) the sale price is fair and reasonable, and (iii) the purchaser is proceeding in good faith. In re Del. and Hudson Ry. Co., 124 B.R. at 166; accord In re Decora Indus., Inc., Case No. 00-4459, 2002 WL 32332749, at *3 (Bankr. D. Del. May 20, 2002.).

29.     "The requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings." In Re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 142, 147 (3d Cir. 1986). "Typically, the misconduct that would destroy s purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders." Id.

30.     Here, the ultimate agreements of sale will be negotiated at arm's length and be presented prior to the Sale Hearing.

31.     The potential purchaser of the CCP Stock is the daughter of the principal of the seller.

32. The potential purchaser of the Personal Support Assets is QMES, which has no relationship to the Debtor.

33. The Debtor submits that the proposed sale to the buyers of both the CCP Stock and the Personal Support Assets constitute sales in good faith and for fair value within meaning of Section 363 of the Bankruptcy Code and, specifically, should be afforded the benefits and protections provided by section 363(m) of the Bankruptcy Code in connection with the sale of the Assets. See id.

34. Section 363(m) of the Bankruptcy Code protects the sale of a debtor's property to a good faith purchaser. Section 363(m) provides,

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. §363(m).

35. Although the Bankruptcy Code does not define "good faith," the Third Circuit has noted that the phrase "encompasses one who purchases in 'good faith' and 'for value.'" In re Abbotts Dairies of Pa., Inc., 788 F.2d 143, 147 (3d Cir. 1986).

36. Further, the Third Circuit has recognized that the type of misconduct that would destroy a purchaser's good faith status involves 'fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.' Id. (remanding case involving insider transaction back to the bankruptcy court for further consideration of good faith where there was evidence that the sale had been orchestrated between insiders and some of the sale

conditions were not disclosed to the debtor's creditors) (quoting In re Rock Indus. Machine Corp., 572 F.2d 1195, 1198 (7th Cir. 1978)).

37. Due to the absence of a bright-line test for good faith, the determination is based on the facts of each case, concentrating on the "integrity of [an actor's] conduct during the sale proceedings." See, e.g., In re Stroud Ford, Inc., 163 B.R. 730, 732-33 (Bankr. M.D. Pa. 1993); In re Pisces Leasing Corp., 66 B.R. 671, 673 (E.D.N.Y. 1986) (quoting In re Rock Indus. Machine Corp., 572 F.2d at 1198).

38. As will be further demonstrated at the Sale Hearing, the sale of the Assets was proposed in good faith as a result of arm's length negotiations by and between or among the Debtor and the purchasers of the CCP Stock and the Personal Support Assets.

39. The Debtor believes that the prompt sale of the Assets is in the best interests of the creditors and the estate. If the Debtor is unable to sell the Assets, the estate and creditors will be harmed as the Debtor will be forced to close its business.

40. The Sale of the Assets should be free and clear of any and all liens, claims, and encumbrances in accordance with section 363(f) of the Bankruptcy Code, with holders of any such liens, claims and encumbrances being paid from the proceeds of the Sale of the Assets and/or being given replacement liens, claims, and encumbrances attaching to the proceeds of the Sale of the Assets.

41. Pursuant to section 363(f) of the Bankruptcy Code, a debtor in possession may sell property of the estate "free and clear of any interest in such property of an entity other than the estate" if any one of the following conditions is satisfied:

    (a)    applicable non-bankruptcy law permits sale of such property free and clear of such interest;

    (b)    such entity consents;

    (c)    such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;

    (d)    such interest is in bona fide dispute; or

    (e)    such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

42. The Debtor requests that the Court authorize the Sale of the Assets free and clear of all liens, claims, encumbrances, and other interests (collectively, the "Liens and Claims"). The Sale of the Assets pursuant to this Motion the will satisfy section 363(f) of the Bankruptcy Code because any entities holding liens and claims will have received notice of this Motion and the Sale Notice. All parties in interest will be given sufficient opportunity to object to the relief requested herein and any such entity that does not object to the Sale of the Assets should be deemed to have consented. See Futuresource LLC v. Reuters Ltd., 312 F.3d 281, 285-86 (7th Cir. 2002) ("It is true that the Bankruptcy Code limits the conditions under which an interest can be extinguished by a bankruptcy sale, but one of those conditions is the consent of the interest holder, and lack of objection (provided of course there is notice) counts as consent. It could not be otherwise; transaction costs would be prohibitive if everyone who might have an interest in the bankrupt's assets had to execute a formal consent before they could be sold.") (internal citations omitted); Hargrave v. Twp. of Pemberton (In re Tabone, Inc., 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (failure to object to sale free and clear of liens, claims and encumbrances satisfies section 363(f)(2)). As such, to the extent that no party holding a lien or claim objects to the relief requested in the Sale Order, the Sale of the Assets free and clear of all liens and claims satisfies section 363(f)(2) of the Bankruptcy Code. To the extent a party holding a lien or claim objects to the relief requested in the Sale Order, the Sale of the Assets,

9

either *in toto* or piecemeal, free and clear of such liens and claims satisfies one or more of sections 363(f)(1) or (3)-(5), as applicable.

43.  Lastly, the Debtor respectfully requests the Court to enter an Order permitting the Debtor to return all Accounts Receivable to the secured lender. This transaction is in good faith as the secured lender is in first position as to all accounts of the Debtor and any funds received will reduce the Debtor's deficiency.

44.  As represented to the Court at the July hearings, the Debtor will be forced to close its business in the event that the proposed sales of the Assets do not occur. As such, the Sale of the Assets is in the best interest of the creditors and estate as the sale represents the best chance for any recovery.

45.  Accordingly, the Debtor requests that the Assets be transferred to the purchasers free and clear of all liens, claims, encumbrances, and interests with the same to attach to the net sale proceeds of the Assets.

### THE SALE COMPLIES WITH FEDERAL RULE OF BANKRUPTCY PROCEDURE 6004(f)(1).

46.  Pursuant to Bankruptcy Rule 6004(f)(1), sales of property outside the ordinary course of business may be by private sale or by public auction.

47.  The Debtor believes a sale of the Assets pursuant to this private sale will maximize the sale proceeds received by the estate, which is the paramount goal in any proposed sale of property of the estate. In re Dura Automotive Sys., Inc., Case No. 06-11202(KJC), 2007 Bankr. LEXIS 2764, *253 (Bankr. D. Del. Aug. 15, 2007) ("The paramount goal in any proposed sale of property of the estate is to maximize the proceeds received by the estate.").

## WAIVER UNDER RULE 6004(h)

48. The Debtor has set forth herein and will demonstrate at the hearing on the Motion, the potential harm of any delay.

49. The Debtor requests a waiver of the stay as provided under Rule 6004(b) to allow for a closing within the fourteen (14) day period referenced in Rule 6004(h).

## REQUEST FOR EXPEDITED RELIEF

50. The Debtors request that an expedited hearing be scheduled on the Motion on **August ___ at 11:00 a.m.** and that the notice period be reduced accordingly. The Debtors have made no prior, similar requests of the Court and have contacted the Office of the United States Trustee with regard to this request. All parties consent to the request for expedited relief.

51. Rule 9006(c) of the Federal Rules of Bankruptcy Procedure provides that the court may, in its discretion, reduce the notice period. See Fed. R. Bankr. P.9006(c).

52. Thus, the Debtors propose that this Court permit notice of the hearing to be served by regular mail upon (i) the Office of the United States Trustee for the Eastern District of Pennsylvania, (ii) any party who has requested notice pursuant to Fed. R. Bankr. P. 2002 (iii) counsel and/or representative for QSEM (the "Notice Parties") and (iv) all creditors.

**WHEREFORE,** the Debtor respectfully request that this Court (i) enter an Order approving the sale of the Assets, free and clear of liens, claims, encumbrances and interest, (ii) returning all accounts receivable to the secured creditor and (iii) grant such other and further relief as this Court deems just.

                                                   CIARDI CIARDI & ASTIN

Dated: July 31, 2018        By:    */s/ Albert A. Ciardi, III*
                                                   Albert A. Ciardi, III, Esquire
                                                   Jennifer C. McEntee, Esquire
                                                   One Commerce Square – Suite 3500
                                                   2005 Market Street
                                                   Philadelphia, PA  19103
                                                   *Attorneys for the Debtor and*
                                                   *Debtor-in-Possession*